**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Wilke,<br><br>          Petitioner,<br><br>v.<br><br>Barbara Von Blanckensee, et al.,<br><br>          Respondents. | No. CV-20-00282-TUC-CKJ (BGM)<br><br>**ORDER** |

The Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2241, challenging his confinement in the Special Housing Unit (SHU) at USP Tucson, without benefit of a hearing related to this placement, and asks for early release to a half-way-house under the First Step Act, the Cares Act, and Second Chance Act. (Doc. 1.) This Court has jurisdiction over habeas petitions filed by persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Habeas corpus is the appropriate remedy for a prisoner "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner admits he failed to administratively exhaust his habeas claims because his counselor refused to advance one administrative claim, and he was threatened as to other claims. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro–Cortez v. INS,* 239 F.3d 1037, 1047

(9th Cir.2001), *abrogated on other grounds, Fernandez–Vargas v. Gonzales,* 548 U.S. 30 (2006)). Motions for compassionate release, such as those brought under the First Step Act and Cares Act, seeking early release, require exhaustion. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring request for compassionate release to warden of defendant's facility and exhaustion of all administrative appeals if denied or lapse of 30 days from receipt of request and no response by the warden). Exhaustion under § 3582(c)(1)(A) is mandatory and jurisdictional. *Shaw v. Bank of America Corp.,* 946 F.3d 533, 541 (9th Cir. 2019); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (referencing the Prison Litigation Reform Act of 1995 requirement for prisoners to exhaust "such administrative remedies as are available" before suing over prison conditions under 42 U.S.C. 1983, explaining the court will not read futility or other exceptions into such statutory exhaustion requirements).

On January 13, 2021, the Government filed a Response to the merits of the Petitioner's claims and noted a scheduled release date in August of 2021. The Court has confirmed that the Petitioner was released on August 13, 2021. Petitioner did not file a Reply to the Government's Response, including its arguments that his claims are subject to dismissal for failure to exhaust and mootness.[1]

In all likelihood Petitioner's claims fail because he failed to exhaust his administrative remedies and on the merits. *See* (Response (Doc. 14) at 11-25.) The Court, however, dismisses the Petition because it is moot.

A case becomes moot when issues presented are no longer live controversies or if parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). Mootness is a doctrine of standing and occurs if the case or controversy requirement of Article III, § 2, of the Constitution is not met, and mootness may occur at any stage of a federal judicial proceeding. Standing requires a personal interest exist at the commencement of litigation and throughout the entirety of the action, *Spencer v. Kemna*,

---

[1] Petitioner has not filed a change of address, which is his responsibility pursuant to Rule 83.3(d) of the Local Rules of Civil Procedure. Accordingly, service of this Order is being made to the last known address, which is the prison from which he has now been released. *See* Order (Doc. 5) at 2 (providing warning that Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d)).

523 U.S. 1, 7 (1998); the parties must have a personal stake in the outcome of a lawsuit at all stages of the proceeding, *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." *Spencer*, 523 U.S. at 7. If a case becomes moot, the case or controversy requirement of Article III requires this Court to dismiss the case for lack of jurisdiction. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983*); NAACP, Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir.1984).

Petitioner has been released. His placement in SHU at USP Tucson, with or without a hearing, is moot. Simply put, he is no longer subject to the challenged prior detention in the SHU. There is no possibility of future placements in SHU. This challenge no longer involves a live case and controversy. Likewise, there is no relief, including compassionate relief, for the Court to fashion related to early release to a half-way house or otherwise.

When a petitioner does not challenge the validity of his conviction, but instead seeks an earlier release date, the petition becomes moot when petitioner is released from custody. *Fendler v. U.S. Bureau of Prisons,* 846 F.2d 550, 555 (9th Cir.1988) (finding that release of petitioner on parole mooted his petition seeking earlier release date on the grounds contending that Parole Commission had improperly delayed his release date); *Brady v. United States Parole Comm.,* 600 F.2d 234, 236 (9th Cir.1979) (same); *Picron–Peron v. Rison,* 930 F.2d 773, 775–76 (9th Cir.1991) (finding petition seeking release from confinement by I.N.S. mooted by petitioner's release from custody), *see also Spencer,* 523 U.S. at 8-14 (1, 7 (1998) (petitioner no longer in custody and did not challenge validity of his conviction, but only the propriety of revocation of his parole, he could not rely on any presumption of collateral consequences due to conviction to demonstrate consequences to satisfy case-or-controversy requirement). These cases guide the Court. Here, the Petition did not challenge the validity of his conviction, but rather sought an earlier release date. The Petition became moot on August 13, 2021, when

Petitioner was released. The case and controversy requirement of Article III requires this Court to dismiss the case for lack of jurisdiction.

**Accordingly,**

**IT IS ORDERED** that the reference to Magistrate Judge Bruce G. Macdonald is withdrawn.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly, and close this case.

Dated this 22nd day of November, 2022.

_____
Honorable Cindy K. Jorgenson
United States District Judge